UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60341-CIV-COHN/Seltzer

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAMON A. TOLEDO, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Summary Judgment [DE 50] and the failure of Defendant Ramon Toledo to respond by the extended deadline of June 22, 2010.  The Court has carefully considered the filings and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff United States of America filed this action against several defendants to reduce to judgment Defendant Ramon Toledo's various federal income tax liabilities, foreclose upon federal tax liens on a specific piece of property owned by Ramon Toledo, and to sell the property at a public sale to pay off the judgment.  After filing an Answer [DE 13], Defendant Ramon Toledo filed for bankruptcy.  Three Defendants, including Damary Toledo (Ramon's wife), the homeowners' association wherein the property is located, and a contractor who purportedly worked on the home, were subject to a final summary judgment by default ending any interest they had in the subject property [DE 39].  Another defendant, Countrywide Home Loans, Inc., filed an

answer with affirmative defenses alleging the priority of its mortgage lien versus the federal tax liens.  The Court granted the United States' motion for summary judgment that its tax lien has priority over Defendant Countrywide's interest with regard to the federal tax lien for the year 1994 [DE 46].

After Ramon Toledo's second bankruptcy case was dismissed, the Court reopened this case.  Plaintiff has now moved for summary judgment.  A response to that motion was due by April 26, 2010.  Meanwhile, on April 12, 2010, Mr. Toledo's counsel, Michael Frank, moved to withdraw [DE 53].  On April 23, 2010, Plaintiff himself filed a request seeking to obtain new counsel and asking for a 60 day extension of all deadlines [DE 58]. In the interest of justice, the Court granted Mr. Toledo's *pro se* request for a 60 day extension, making his response to the motion for summary judgment due by June 22, 2010 [DE 60].  The Court specifically stated that:  "No further extensions shall be granted absent extraordinary circumstances, even if Mr. Toledo does not find an attorney."  Despite all of the extensions granted to Mr. Toledo over the course of this case, he did not meet this deadline.[1]

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1] A copy of the Order was mailed to Mr. Toledo's address of record and was not received back by the Court.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may

be granted." <u>Anderson</u>, 477 U.S. at 249-50.

## B.  Tax Liabilities

The Court has reviewed all of the Plaintiff United States' filings in this action, including its Concise Statement of Material Facts [DE 51] and various exhibits.  The Court agrees that all of the facts stated in the Plaintiff's submission are undisputed and constitute valid grounds for finding that its tax liens, assessments and demands for payment are accurately stated.  In addition, the Court is satisfied that the statute of limitations for collecting Defendant Toledo's federal income tax liabilities has not expired.  Upon a review of Plaintiff's motion and the case law cited therein, the Court sees no reason not to grant Plaintiff all of the requested relief regarding Ramon Toledo's outstanding tax liabilities, the validity of the federal tax liens on the real property located at 17856 NW 15th Court, Pembroke Pines, Florida, and the foreclosure of those liens upon the subject property.

III.  CONCLUSION

Accordingly, the Court having carefully reviewed all the filings and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment [DE 50] is hereby **GRANTED**;

2. The Court will separately enter judgment for Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of June, 2010.

JAMES I. COHN
United States District Judge

copies to:

Rachael A. Kamons, Esq.

Ramon Toledo
17856 NW 15th Court
Pembroke Pines, FL 33012